IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE BANCORP BANK, | : |
| Plaintiff, | : |
| v. | : C.A. No. 13-205-LPS |
| HARRY R. BLACKBURN, | : |
| Defendant. | : |

## MEMORANDUM ORDER

Pending before the Court are three motions. The first, a motion to dismiss, was filed by Defendant and is based on insufficient service of process, insufficient process, and lack of personal jurisdiction. (D.I. 6) Defendant later filed a second motion to dismiss based on lack of personal jurisdiction and improper venue. (D.I. 11) Finally, Plaintiff has filed a motion to strike (D.I. 17) Defendant's reference to a Pennsylvania Court of Common Pleas Order (D.I. 16). The Court addresses each of the motions below.

## BACKGROUND

In November 2008, Plaintiff The Bancorp Bank ("Plaintiff") contracted with Harry R. Blackburn & Assoc., P.C. ("the Borrower") for two loan agreements: one for $500,000 ("Loan 1") and another for $100,000 ("Loan 2"). (D.I. 1 exs. A, B) Defendant Harry R. Blackburn, who is sued in his individual capacity here, is the president of the Borrower corporation. (*See* D.I. 1 ex. A-1 at 3)

Defendant simultaneously contracted with Plaintiff to guarantee Loan 1 and Loan 2 in two Commercial Guaranty Agreements ("the Guaranties"). (D.I. 1 exs. C, D) As part of the Guaranties, Defendant executed sworn Delaware non-resident affidavits which each contain a

judgment by confession provision. (D.I. 1 exs. C, D at 6 ("Aff.") ¶¶ 2-3) The provision from the affidavit for the Loan 1 Guaranty states:

> That Guarantor authorizes the entry of judgment against Guarantor in the Superior Court of the State of Delaware in and for New Castle County, Kent County, and Sussex County and in the United States District Court for the District of Delaware, upon the occurrence of an Event of Default (as defined in the Guaranty) for up to $500,000.00 plus the costs and expenses incurred in the enforcement of the Guaranty.

(*Id.*) The Loan 2 Guaranty provision is identical but covers only up to $100,000. (D.I. 1 ex. D Aff. ¶ 3) Both Guaranties contain choice of law provisions in favor of Delaware law. (D.I. 1 exs. C, D at 3)

Plaintiff brings this action alleging two counts of breach of contract against Defendant for his failure to pay under the Guaranties. (D.I. 1) In response, Defendant filed a motion asking the Court to dismiss Plaintiff's claim for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and insufficient process under Federal Rule of Civil Procedure 12(b)(4), because Plaintiff failed to serve a summons on Defendant with a properly executed seal and signature of the Clerk of Court. (D.I. 6) Plaintiff conceded that the original service was not proper (D.I. 10 at 4), and re-served the Defendant within the amount of time allotted by Rule 4(m), with the proper seal and signature (D.I. 10 ex. I at 1-2). Defendant then filed a second motion to dismiss, maintaining his Rule 12(b)(2) grounds for dismissal and further seeking dismissal based on lack of personal jurisdiction and improper venue (pursuant to Rule 12(b)(3)). (D.I. 11)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(2) directs a court to dismiss a case when it lacks personal jurisdiction over the defendant. Determining the existence of personal jurisdiction requires a two-part analysis. First, the court analyzes the long-arm statute of the state in which the court is located. *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). Next, the court must determine whether exercising jurisdiction over the defendant in this state comports with the Due Process Clause of the Constitution. *See id.* Due Process is satisfied if the court finds the existence of "minimum contacts" between the non-resident defendant and the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing, by a preponderance of the evidence and with reasonable particularity, the existence of sufficient minimum contacts between the defendant and the forum to support jurisdiction. *See Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987); *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984). To meet this burden, the plaintiff must produce "sworn affidavits or other Competent evidence," since a Rule 12(b)(2) motion can "require[] resolution of factual issues outside the pleadings." *Time Share*, 735 F.2d at 67 n.9; *see also Philips Elec. N. Am. Corp. v. Contec Corp.*, 2004 WL 503602, at *3 (D. Del. Mar.11, 2004) ("After discovery has begun, the plaintiff must sustain [its] burden by establishing jurisdictional facts through sworn affidavits or other competent evidence").

If no evidentiary hearing has been held, a plaintiff "need only establish a prima facie case of personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).

3

A plaintiff "presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (E) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). On a motion to dismiss for lack of personal jurisdiction, "the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). A court is always free to revisit the issue of personal jurisdiction if it later is revealed that the facts alleged in support of jurisdiction are in dispute. *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 331 (3d Cir. 2009).

## DISCUSSION

### I. Motion to Dismiss Regarding Service

Defendant concedes that proper service was eventually effectuated. (*See* D.I. 11 ¶ 7) Accordingly, the Court will deny Defendant's first motion to dismiss (D.I. 6) as moot.

### II. Plaintiff's Motion to Strike

On May 8, 2013, Defendant wrote to the Clerk of the Court and attached a copy of a May 2, 2013 order of the Court of Common Pleas of Philadelphia County, that (among other things) grants a "Petition to Open confessed judgment" in an action involving Plaintiff and the Borrower. (D.I. 16, 16-1) Plaintiff moves to strike the order and the reference to it on the grounds that it has no relevance to the matters pending before this Court. (D.I. 17) Defendant did not articulate the relevance of his reference to the Philadelphia order in his letter and he has not opposed Plaintiff's motion to strike. Accordingly, the Court will grant the motion to strike.

### III. Second Motion to Dismiss

In his second motion to dismiss, Defendant asserts lack of personal jurisdiction and lack

4

of venue. (D.I. 11) The Court need not address improper venue because the Court finds that it lacks personal jurisdiction over Defendant.

Plaintiff bears the burden of adducing facts which, at a minimum, "establish with reasonable particularity" that personal jurisdiction exists over Defendant. *See Provident Nat'l Bank*, 819 F.2d at 437. Plaintiff makes two separate arguments for this Court having personal jurisdiction over Defendant. First, Plaintiff argues that "Plaintiff and Defendant contracted for jurisdiction in Delaware" by executing affidavits authorizing judgment by confession in Delaware. (D.I. 13 at 7; *see also id.* at 8-9) Second, Plaintiff contends there is specific jurisdiction in Delaware pursuant to 10 Del. C. § 3104(c)(1), because the record purportedly establishes that Plaintiff and Defendant entered into and transacted business in Delaware. (D.I. 13 at 9) The Court disagrees.

### A. Express Consent

The requirement of personal jurisdiction is intended to protect a defendant's liberty interests. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). However, "[b]ecause the defense is a personal right, it may be obviated by consent or otherwise waived." *Capriotti's Sandwich Shop, Inc. v. Taylor Family Holdings, Inc.*, 857 F. Supp. 2d 489, 499 (D. Del. 2012). Therefore, a party may expressly consent to personal jurisdiction by contract. *See Ruggiero v. FuturaGene, plc.*, 948 A.2d 1124, 1132 (Del. Ch. 2008); *see also Sternberg v. O'Neil*, 550 A.2d 1105, 1109 n.4 (Del. 1988) ("A party may submit to a given court's jurisdiction by contractual consent."). Consent to personal jurisdiction renders unnecessary a traditional jurisdictional analysis. *See Capriotti's Sandwich Shop*, 857 F. Supp. 2d at 500; *see also General Contracting & Trading Co., LLC v. Interpole, Inc.*, 940 F.2d 20, 22 (1st

5

Cir. 1991) (bypassing traditional jurisdictional analysis where defendant waived personal jurisdiction by instituting separate suit in same district court).

In arguing that the parties "contracted for jurisdiction in Delaware," Plaintiff relies on the affidavits attached to the Guaranties, which contain judgment by confession provisions. (D.I. 13 at 7-9) As Defendant correctly points out, however, while he consented to personal jurisdiction for purposes of an action seeking confession by judgment, he has not consented to personal jurisdiction for an action alleging breach of contract. (D.I. 12 at 6)

A judgment by confession is a device rooted in common law which allows a creditor to obtain judgment against a debtor without a trial or defenses. *See Cheidem Corp. v. Farmer*, 449 A.2d 1061, 1062 (Del. Super. 1982) (citing 10 Del. C. § 2306). "A confession of judgment is the written authority of the debtor and a direction for entry of judgment against him. It cuts off all defenses and right of appeal." *Id.* A judgment by confession is therefore essentially "an agreement which the Court turns into a judgment." *Keystone Fuel Oil Co. v. Del-Way Petroleum, Inc.*, 364 A.2d 826, 829 (Del. Super. 1976).

Plaintiff has not attempted to enter a judgment by confession in this Court; rather, Plaintiff initiated this action as a breach of contract action against Defendant. (D.I. 1) Nothing in the Guaranties suggests that Defendant waived his right not to be haled into an out-of-state forum on anything but a judgment by confession action. On the contrary, the fact that Defendant specifically consented to waive jurisdictional defenses with respect to this single type of action strongly suggests that he was at the same time reserving his right to object to personal jurisdiction in any other type of action.

Therefore, the Court finds that Defendant did not consent to jurisdiction in this Court for

a breach of contract claim.

### B. Specific Jurisdiction

Applying the traditional personal jurisdiction analysis, the Court must undertake two inquiries: (1) whether a forum state's long-arm statute permits personal jurisdiction; and (2) whether the assertion of personal jurisdiction would violate due process. *See Kiekert*, 155 F.3d at 259. Delaware courts have construed Delaware's long-arm statute "liberally so as to provide jurisdiction to the maximum extent possible. In fact, the only limit placed on § 3104 is that it remain within the constraints of the Due Process Clause." *Boone v. Oy Partek*, 724 A.2d 1150, 1157 (Del. Super. Ct. 1997) (internal citations omitted), *aff'd*, 707 A.2d 765 (Del. 1998) (table); *see also Hercules, Inc. v. Leu Trust and Banking (Bahamas) Ltd.*, 611 A.2d 476, 480 (Del. 1992).

If a defendant is found to be within the reach of the long-arm statute, the Court must then analyze whether the exercise of personal jurisdiction comports with due process. *See Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 692, 700 (D. Del. 2001). The exercise of personal jurisdiction comports with due process where "the defendant's conduct is such that it should 'reasonably anticipate being haled into court there.'" *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *see also Int'l Shoe*, 326 U.S. at 316.

Here, Plaintiff asserts that personal jurisdiction exists under 10 Del. C. § 3104(c)(1), which provides, in relevant part, that a court may exercise personal jurisdiction over a non-resident defendant where the defendant "[t]ransacts any business or performs any character of work or service in the State." (D.I. 13 at 7, 9) Subsection (c)(1), hence, confers "specific" jurisdiction over a non-resident defendant. *See, e.g., LaNuova D & B, S.p.A. v. Bowe Co., Inc.*,

7

513 A.2d 764, 768 (Del. 1986); *Jeffreys v. Exten*, 784 F. Supp. 146, 151 (D. Del. 1992). "Specific jurisdiction is at issue when the plaintiff's claims arise out of acts or omissions that take place in Delaware." *Boone*, 724 A.2d at 1155.

As evidence of this Court's jurisdiction under subsection 3104(c)(1), Plaintiff cites to the "Governing Law" provisions contained in the security agreements executed between Plaintiff and the Borrower, which state: "The loan transaction that is evidenced by the Note and this Agreement has been applied for, considered, approved and made . . . in the State of Delaware." (D.I. 13 at 8) (quoting D.I. 1 exs. A-3, B-3 at 5) Plaintiff's contention lacks merit. As Defendant observes, "the provisions upon which [P]laintiff relies appear only in the contracts between [P]laintiff and the ***corporate borrower***," and "[n]one of these terms appear[] in the Commercial Guaranty, the contract underlying this action and the only contract to which [Defendant] is a party." (D.I. 15 at 3, 4) (emphasis added) While the "Governing Law" provisions may establish that the Borrower transacted business in Delaware, they do not establish that Defendant, an individual, did the same.

Nor does the complaint nor the record evidence otherwise show or even suggest with reasonable particularity that Defendant himself has even minimal contacts with Delaware. It is undisputed that "Defendant neither resides [in] nor even holds a license to practice law or any other business in Delaware." (D.I. 12 at 8) It is not enough that "Defendant knew that Plaintiff was a Delaware corporation," or that "Defendant went so far as to execute the [judgment by confession] affidavit." (D.I. 13 at 9) Therefore, for the aforementioned reasons, the Court finds that Plaintiff has not met its burden to show that personal jurisdiction exists over Defendant in the current action.

8

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Dismiss (D.I. 6) is **DENIED** as moot.

2. Defendant's Motion to Dismiss (D.I. 11) is **DENIED** with respect to the defense of improper venue and **GRANTED** with respect to the defense of lack of personal jurisdiction.

3. Plaintiff's Motion to Strike (D.I. 17) is **GRANTED**.

4. The Clerk of Court is directed to **CLOSE** this case.

Wilmington, Delaware
August 20, 2014

UNITED STATES DISTRICT JUDGE